UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ILKB, LLC,

                      Plaintiff,

- against -

ARDAMANDEEP SINGH, HARJINDER SINGH, FIT THEOREM INC., FIT THEOREM SUGARLAND, INC., and FIT THEOREM FRIENDSWOOD, INC.,

                      Defendants.

Civil Action No.
1:20-cv-04201-ARR-SJB

## ANSWER AND DEFENSES OF DEFENDANTS ARDAMANDEEP SINGH, HARJINDER SINGH, FIT THEOREM INC., FIT THEOREM SUGARLAND, INC., AND FIT THEOREM FRIENDSWOOD, INC.TO PLAINTIFF'S COMPLAINT

For their Answer and Affirmative Defenses to Plaintiff ILKB, LLC's ("ILKB") Complaint for Damages and Injunctive Relief (the "Complaint"), Defendants Ardamandeep Singh ("Ardamandeep"), Harjinder Singh ("Harjinder"), Fit Theorem, Inc. ("FTI"), Fit Theorem Sugarland, Inc. ("FTSI"), and Fit Theorem Friendswood, Inc. ("FTFI") (collectively, "Defendants"), by their attorneys Einbinder & Dunn, LLP, state as follows:

### NATURE OF ACTION

1. Defendants deny the allegations in paragraph 1 of the Complaint.

2. Defendants deny the allegations in paragraph 2 of the Complaint.

3. Defendants deny the allegations in paragraph 3 of the Complaint.

4. Defendants deny the allegations in paragraph 4 of the Complaint.

5. Defendants deny the allegations in paragraph 5 of the Complaint.

6. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Defendants deny the allegations in paragraph 7 of the Complaint.

8. Defendants admit that ILKB seeks damages and denies that ILKB is entitled to damages as alleged in paragraph 8 of the Complaint.

9. Defendants admit that ILKB seeks injunctive relief in the Complaint and denies that it is entitled to such relief as alleged in paragraph 9 of the Complaint.

10. Defendants deny the allegations in paragraph 10 of the Complaint.

## THE PARTIES

11. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, except that ILKB is or was the franchisor of iLoveKickboxing.com.

12. Defendants admit the allegations in paragraph 12 of the Complaint.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Answering paragraph 14 of the Complaint, Defendants aver that Harjinder is a natural person and a citizen of the state of Texas and resides in Houston, Texas. Except as so stated, Defendants deny the allegations in paragraph 14 of the Complaint.

15. Defendants admit the allegations in paragraph 15 of the Complaint.

16. Answering paragraph 16 of the Complaint, Defendants aver that FTSI is a Texas corporation and is a fitness studio located at 2725-Q Town Center Blvd Sugarland, Texas. Except as so stated, Defendants deny the allegations in paragraph 16 of the Complaint.

17. Answering paragraph 17 of the Complaint, Defendants aver that FTFI is a Texas corporation and is a fitness studio located at located at 405 West Parkwood Avenue, Friendswood, Texas. Except as so stated, Defendants deny the allegations in paragraph 17 of the Complaint.

## SUBJECT MATTER JURISDICTION

18. Answering paragraph 18 of the Complaint, Defendants aver that the Singhs are Texas citizens and deny having knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 18.

19. Answering paragraph 19 of the Complaint, this paragraph sets forth legal conclusions that to not require an answer. To the extent that an answer is required, Defendants deny the allegations in paragraph 19 of the Complaint.

20. Answering paragraph 20 of the Complaint, this paragraph sets forth legal conclusions that to not require an answer. To the extent that an answer is required, Defendants deny the allegations in paragraph 20 of the Complaint.

## PERSONAL JURISDICTION AND VENUE

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants admit that Ardamandeep signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. As to the remaining Defendants, Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. Defendants admit that Ardamandeep signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. As to the remaining Defendants, Defendants deny the allegations in paragraph 23 of the Complaint.

## THE DEFENDANTS' FRANCHISE AGREEMENT

26. Answering paragraph 26 of the Complaint, Defendants admit that Ardamandeep signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 26 of the Complaint.

27. Answering paragraph 27 of the Complaint, Defendants admit that Ardamandeep signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 27 of the Complaint.

28. Answering paragraph 28 of the Complaint, Defendants admit that Ardamandeep signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 28 of the Complaint.

29. Answering paragraph 29 of the Complaint, Defendants aver that pursuant to the Franchise Agreement, Ardamandeep opened two ILKB franchised studios within the Territory: the Sugarland Location and the Friendswood Location. Except as so stated, Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Answering paragraph 31 of the Complaint, Defendants admit that Ardamandeep signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 31 of the Complaint.

32. Answering paragraph 32 of the Complaint, Defendants admit that Ardamandeep signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 32 of the Complaint.

33. Answering paragraph 33 of the Complaint, Defendants admit that Ardamandeep signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 33 of the Complaint.

34. Answering paragraph 34 of the Complaint, Defendants admit that Ardamandeep signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 34 of the Complaint.

35. Answering paragraph 35 of the Complaint, Defendants admit that Ardamandeep signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 35 of the Complaint.

36. Answering paragraph 36 of the Complaint, Defendants admit that Ardamandeep signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 36 of the Complaint.

37. Answering paragraph 37 of the Complaint, Defendants admit that Ardamandeep signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms,

legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 37 of the Complaint.

38. Answering paragraph 38 of the Complaint, Defendants admit that Ardamandeep signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 38 of the Complaint.

39. Answering paragraph 39 of the Complaint, Defendants admit that Ardamandeep signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 39 of the Complaint.

40. Answering paragraph 40 of the Complaint, Defendants admit that Ardamandeep signed the Franchise Agreement and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 40 of the Complaint.

**ILKB'S INTELLECTUAL PROPERTY, TRADE SECRETS, AND CONFIDENTIAL INFORMATION**

41. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint

44. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

46. Answering paragraph 46 of the Complaint, Defendants admit that Ardamandeep signed the Franchise Agreement, and respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, the allegations in paragraph 46 of the Complaint are denied.

47. The Singhs avers that during his franchise relationship with ILKB, the Singhs had access to certain information relating to ILKB's franchise model. Except as so stated, Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny that ILKB carefully safeguards its confidential and proprietary business information. To the extent that the allegations of paragraph 48 of the Complaint purport to paraphrase or interpret the terms of the Franchise Agreement, Defendants respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 48 of the Complaint.

49. To the extent that the allegations of paragraph 49 of the Complaint purport to paraphrase or interpret the terms of the Franchise Agreement, Defendants respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, Defendants deny the allegations in paragraph 49 of the Complaint.

50. Answering paragraph 50 of the Complaint, Defendants aver that at some point during the five-year franchise relationship Ardamandeep and Harjinder met with representatives from ILKB, and deny the remaining allegations in paragraph 50 of the Complaint.

51. Answering paragraph 51 of the Complaint, Defendants aver that Ardamandeep obtained some knowledge with respect to the personal fitness marketplace by virtue of having operated an

ILKB franchise. Except as so stated, Defendants deny the remaining allegations in paragraph 51 of the Complaint.

52. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

### DEFENDANTS' ALLEGED CONTRACTUAL BREACHES AND INTENTIONAL INTERFERENCE WITH THE ILKB FRANCHISE SYSTEM

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

57. Answering paragraph 57 of the Complaint, Harjinder avers that on September 16, 2019 he purchased and registered the fittheorem.com domain name. Except as so stated, Defendants deny the remaining allegations in paragraph 57 of the Complaint.

58. Answering paragraph 58 of the Complaint, Defendants aver that Harjinder informed ILKB that he had to shut down the Sugarland and Friendswood locations due to the COVID-19 pandemic and deny the remaining allegations in paragraph 58 of the Complaint.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

60. Defendants aver that in August 2020, Harjinder started a business known as Fit Theorem, Inc. and deny the remaining allegations in paragraph 60 of the Complaint.

61. Answering paragraph 61 of the Complaint, Defendants aver that on May 19, 2020 FTI posted a picture online of one of FTI's trainers wearing the FTI logo. Defendants further aver that the "www.fittathome.com" website was created for ILKB customers to schedule virtual ILKB classes. Except as so stated, the allegations in paragraph 61 of the Complaint are denied.

62. Answering paragraph 62 of the Complaint, Defendants aver that on May 26, 2020 FTI posted a picture online of one of FTI's trainers wearing the FTI logo. Except as so stated, the allegations in paragraph 62 of the Complaint are denied.

63. Defendants deny the allegations in paragraph 63 of the Complaint.

64. Defendants aver that FTI made a Facebook post on July 29, 2020 thanking its customers and deny the remaining allegations in paragraph 64 of the Complaint.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

68. Defendants deny the allegations in paragraph 68 of the Complaint.

69. Defendants deny the allegations in paragraph 69 of the Complaint.

70. Defendants cannot respond to the allegations in paragraph 70 of the Complaint because the allegations made in this paragraph are vague and ambiguous.

71. Defendants deny the allegations in paragraph 71 of the Complaint.

72. Defendants deny the allegations in paragraph 72 of the Complaint.

73. Answering paragraph 73 of the Complaint, Ardamandeep avers that he received a letter from ILKB dated August 11, 2020. To the extent that the allegations in paragraph 73 are inconsistent with the August 11, 2020 letter, they are denied. To the extent that the allegations in paragraph 73 of the Compliant purport to paraphrase or interpret the terms of the Franchise Agreement, Defendants respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, the allegations in paragraph 73 of the Complaint are denied.

74. Answering paragraph 74 of the Complaint, to the extent that the allegations in paragraph 74 refer to the August 11, 2020 letter referenced in paragraph 73 of the Complaint, to the extent that the allegations are inconsistent with the August 11, 2020 letter, they are denied. To the extent that the allegations in paragraph 74 of the Compliant purport to paraphrase or interpret the terms of the Franchise Agreement, Defendants respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, the allegations in paragraph 74 of the Complaint are denied.

75. Defendants deny the allegations in paragraph 75 of the Complaint.

## FIRST CAUSE OF ACTION

76. Defendants reallege and incorporate their answers to paragraphs 1-75 as though fully set forth herein.

77. Defendants deny the allegations in paragraph 77 of the Complaint.

78. Defendants deny the allegations in paragraph 78 of the Complaint.

79. Answering paragraph 79 of the Complaint, Defendants respectfully refer the Court to the Franchise Agreement for its terms, legal meaning, and import. Except as so stated, the allegations in paragraph 79 of the Complaint are denied.

80. Defendants deny the allegations in paragraph 80 of the Complaint.

81. Defendants deny the allegations in paragraph 81 of the Complaint.

82. Defendants deny the allegations in paragraph 82 of the Complaint.

83. Defendants deny the allegations in paragraph 83 of the Complaint.

84. Defendants deny the allegations in paragraph 84 of the Complaint.

## SECOND CAUSE OF ACTION

85. Defendants reallege and incorporate their answers to paragraphs 1-84 as though fully set forth herein.

86. Defendants deny the allegations in paragraph 86 of the Complaint.

87. Defendants deny the allegations in paragraph 87 of the Complaint.

88. Defendants deny the allegations in paragraph 88 of the Complaint.

89. Defendants deny the allegations in paragraph 89 of the Complaint.

90. Defendants deny the allegations in paragraph 90 of the Complaint.

91. Defendants deny the allegations in paragraph 91 of the Complaint.

92. Defendants deny the allegations in paragraph 92 of the Complaint.

## THIRD CAUSE OF ACTION

93. Defendants reallege and incorporate their answers to paragraphs 1-92 as though fully set forth herein.

94. Defendants deny the allegations in paragraph 94 of the Complaint.

95. Defendants deny the allegations in paragraph 95 of the Complaint.

96. Defendants deny the allegations in paragraph 96 of the Complaint.

97. Defendants deny the allegations in paragraph 97 of the Complaint.

98. Defendants deny the allegations in paragraph 98 of the Complaint.

99. Defendants deny the allegations in paragraph 99 of the Complaint.

100. Defendants deny the allegations in paragraph 100 of the Complaint.

101. Defendants deny the allegations in paragraph 101 of the Complaint.

## FOURTH CAUSE OF ACTION

102. Defendants reallege and incorporate their answers to paragraphs 1-101 as though fully set forth herein.

103. Defendants deny the allegations in paragraph 103 of the Complaint.

104. Defendants deny the allegations in paragraph 104 of the Complaint.

105. Defendants deny the allegations in paragraph 105 of the Complaint.

## FIFTH CAUSE OF ACTION

106. Defendants reallege and incorporate their answers to paragraphs 1-105 as though fully set forth herein.

107. Defendants deny the allegations in paragraph 107 of the Complaint.

108. Defendants deny the allegations in paragraph 108 of the Complaint.

109. Defendants deny the allegations in paragraph 109 of the Complaint.

110. Defendants deny the allegations in paragraph 110 of the Complaint.

111. Defendants deny the allegations in paragraph 110 of the Complaint.

112. Defendants deny the allegations in paragraph 110 of the Complaint.

113. Defendants deny the allegations in paragraph 110 of the Complaint.

114. Defendants deny the allegations in paragraph 110 of the Complaint.

## NOTICE OF INTENT TO SEEK INJUNCTIVE RELIEF

115. Defendants reallege and incorporate their answers to paragraphs 1-114 as though fully set forth herein.

116. Defendants deny the allegations in paragraph 116 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

1. Any allegation not expressly admitted herein is denied.

### SECOND AFFIRMATIVE DEFENSE

2. The claims in the Complaint fail to state a claim against Defendants upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

3. The claims in the Complaint are barred by the doctrines of laches. Defendants have been prejudiced by Plaintiff's unduly long delay before commencing this action.

### FOURTH AFFIRMATIVE DEFENSE

4. The Complaint and the relief it seeks are barred by the doctrine of equitable estoppel.

### FIFTH AFFIRMATIVE DEFENSE

5. The Complaint and the relief it seeks are barred by Plaintiff's own wrongful actions or omissions, the doctrine of unclean hands, and Defendants are entitled to offset any damages owed to them.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff is not entitled to any attorney fees, costs, or punitive damages.

### SEVENTH AFFIRMATIVE DEFENSE

7. Defendants' alleged actions and/or inactions were not the proximate cause of Plaintiff's alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

8. The Complaint and the relief it seeks are barred because the alleged agreement lacks consideration.

## NINTH AFFIRMATIVE DEFENSE

9. The Complaint and the relief it seeks are barred because the alleged agreement is unconscionable.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff failed to perform its obligations under the Agreement and therefore cannot recover for breach of the Agreement.

## ELEVENTH AFFIRMATIVE DEFENSE

11. The Court does not have personal jurisdiction over Harjinder, FTI, FTSI, and FTFI.

WHEREFORE, Defendants respectfully pray that judgment be entered in their favor as follows:

(A) That the claims in Plaintiff's Verified Complaint be dismissed, with prejudice, at Plaintiff's cost;

(B) That Defendants be awarded their costs and reasonable attorneys' fees; and

(C) That Defendants be awarded such other relief as justice requires.


Respectfully submitted,

By: */s/ Michael Einbinder*
Michael Einbinder
Jacqueline Valenza
EINBINDER & DUNN, LLP
112 Madison Avenue, 8th Floor
New York, New York 10016
Tel.: (212) 391-9500
Fax: (212) 391-9025
E-Mail: me@ed-lawfirm.com