PETER G. SIACHOS
PSIACHOS@GRSM.COM
DIRECT DIAL: (973) 549-2532



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
WWW.GRSM.COM

February 12, 2021

**VIA E-FILING**
Judge Allyne R. Ross
United States District Court
225 Cadman Plaza
East Brooklyn, New York 11201

      Re:   *ILKB, LLC v. Ardamandeep Singh, et al*
            Case No. 1:20-cv-04201-ARR-SJB

Dear Judge Ross:

      On behalf of Counter-defendants ILKB LLC ("ILKB"), ILKB Too LLC ("ILKB Too"), and Michael Parrella, the undersigned seeks a pre-motion conference pursuant to Section III.A. of Your Honor's Individual Practice Rules in order to request the opportunity to file a motion to dismiss the Counterclaims under Fed. R. Civ. P. 9 and 12. Based on the forgoing issues, Counterclaimant's claims are legally deficient and should be dismissed.

      First, ILKB Too anticipates moving to dismiss for want of personal jurisdiction. ILKB Too is not domiciled in New York and does not stand accused of transacting business in New York in a manner that would establish specific personal jurisdiction. The only jurisdictional allegation against ILKB Too is that one or all of them acquired assets from a New York business—ILKB—which is not sufficient to invoke New York's long-arm statute or to permit personal jurisdiction under the due process clause.

      Second, apart from being factually inaccurate, Counterclaimant has failed to plead facts sufficient under the *Iqbal/Twombly* standard to demonstrate that there was either a de facto merger or any other type of successor liability that would make ILKB Too liable in this case. In reality, ILKB Too did not exist at the time of the alleged acts and therefore could not have committed any of the acts itself. Additionally, ILKB is still a going concern and the only proper party. Counterclaimant has not alleged sufficient factual matter to support an inference that ILKB Too has inherited ILKB's tort or contract liabilities.

      Third, Counterclaimant's common-law fraud and negligent misrepresentation claims complain of predictions and opinions that are not actionable as fraud, and Counterclaimant does not allege any facts supporting an inference that the Counter-defendants did not believe these predictions or opinions. *Dragon Inv. Co. II LLC v. Shanahan*, 49 A.D.3d 403, 403, 854 N.Y.S.2d 115, 117 (App. Div. 1st Dept. 2008) (quoting *Zanani v Savad*, 217 A.D.2d 696, 697, 630 N.Y.S.2d 89 (App. Div. 2d Dept. 1995)); *N.Y. Islanders Hockey Club v. Comerica Bank-Texas*, 71 F. Supp. 2d 108, 118 (E.D.N.Y. 1999).

Hon. Allyne R. Ross
February 12, 2021
Page 2

Fourth, Counterclaimant's allegations of fraud do not comply with Rule 9(b) because they fail to allege essential details required by that rule. Counterclaimant does not consistently allege the "who, what, when, and where" of the representations, the specific contents of the representations, or what was false about the representations. Counterclaimant's allegations are all vague and non-specific.

Fifth, Counterclaimant has failed to state a claim for breach of contract, because Counterclaimant has not sufficiently identified the provisions of the contract that were allegedly violated by some conduct of ILKB. Notably, based on the pleadings, only ILKB, not Parrella or ILKB Too, are parties to the contract at issue in this case. Additionally, certain conduct—including abandonment—is only a breach when committed by the franchisee, not the franchisor. Moreover, the language described in the Counterclaims actually demonstrates that Counterclaimant did not comply with the dispute resolution process. Accordingly, Counterclaimant has failed to plead a breach in their request for declaratory action.

Sixth, a request for attorney's fees is a remedy, not a cause of action. Counterclaimant's Fourth Counterclaim is inviable on its face. *Cf. Hatteras Enterprises Inc. v. Forsythe Cosmetic Grp., Ltd.*, No. 215CV05887ADSARL, 2018 WL 1935984, at *11 (E.D.N.Y. Apr. 23, 2018) (dismissing rescission claim because "rescission is a remedy, not a cause of action").

Seventh, Counterclaimant have failed to state a claim for negligent misrepresentation because Counterclaimant allege only intentional misrepresentations and omissions.

Finally, each of these Counter-defendants anticipate moving to dismiss each claim against it for failure to state a claim under Rule 12(b)(6). For each cause of action Counterclaimant asserts against these Counter-defendants, Counterclaimant has failed to allege sufficient factual matter to support a plausible inference that these Counter-defendants are liable.

Based on these dispositive issues, Counter-defendants respectfully request leave to file a motion to dismiss the Counterclaims. Counter-defendants appreciate Your Honor's consideration of this request.

Best regards,

GORDON REES SCULLY MANSUKHANI, LLP

*/s/ Peter G. Siachos*

Peter G. Siachos

PGS:wgl:hac