

MICHAEL EINBINDER
Member of the NY Bar
112 Madison Ave., 8th Floor
New York, NY 10016
212-391-9500
me@ed-lawfirm.com

February 19, 2021

**VIA ECF**
The Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: ILKB, LLC v. Ardamandeep Singh *et al.*
     Case No.: 1:20-cv-4201-ARR-SJB

Dear Judge Ross:

  This firm represents the Defendants, Ardamandeep Singh, Harjinder Singh, Fit Theorem, Inc., Fit Theorem Sugarland, Inc., and Fit Theorem Friendswood, Inc. ("Defendants"), and Counter-plaintiff Ardamandeep Singh ("Counter-plaintiff") in this action. We write in response to Counter-defendants/Additional Defendants', ILKB, LLC, ILKB Too, LLC, and Michael Parrella (collectively "Counter-defendants"), February 12, 2021 letter requesting a pre-motion conference. Counter-defendants' request for leave to file a motion to dismiss the Counterclaims should be denied, as Counter-plaintiff's Counterclaims satisfy all relevant pleading standards.

## Background

  Counter-plaintiff is a former franchisee of ILKB, LLC ("ILKB"). He seeks to recover damages for fraud and breach of contract in connection with Counter-defendants' sale of an ILKB franchised kickboxing studio to Counter-plaintiff. In brief, Counter-defendants made false, fraudulent, and unsupported representations that ILKB franchisees broke even in a matter of weeks and generated certain levels of revenues and profits; that the franchise was ideal for absentee owners; and that ILKB would handle virtually all marketing, which would result in more than enough memberships to make the franchise profitable, among others set forth more fully in the Counterclaims. In reliance upon Counter-defendants' representations and omissions, Counter-plaintiff entered into a franchise agreement on July 29, 2015 (the "Franchise Agreement"), pursuant to which Counter-plaintiff operated two ILKB studios in Texas.

  The studios ultimately failed to perform as promised, and Counter-plaintiff discovered that Counter-defendants' representations had been false. Moreover, ILKB breached various provisions of the Franchise Agreement, causing Counter-plaintiff to terminate the Franchise Agreement. As a result, Counter-plaintiff brings these Counterclaims for: (1) breach of a contract; (2) common law fraud; (3) negligent misrepresentation; (4) attorney's fees; and (5) declaratory judgment.



EINBINDER & DUNN LLP
February 19, 2021
Page **2** of **3**

## Argument

Plaintiff responds to each of Counter-defendants' arguments below:

First, Counter-defendants assert that additional Defendant ILKB Too, LLC ("ILKB Too") anticipates moving to dismiss for want of personal jurisdiction. The Counterclaims, however, properly allege personal jurisdiction against ILKB Too because ILKB Too is a successor of New York defendant, ILKB. These allegations, if true, would subject ILKB Too to personal jurisdiction under New York's long-arm statute. ILKB Too acquired ILKB, a New York company, and is authorized to and does transact business in New York. Specifically, ILKB Too sells franchises in New York.

Second, Counter-plaintiff has sufficiently pled facts under the *Iqbal/Twombly* standard to demonstrate that ILKB Too is liable as a successor to ILKB, LLC. Counter-plaintiff has plausibly alleged that: (1) ILKB Too expressly or impliedly assumed the ILKB predecessor's tort liability, including liabilities to the Counter-plaintiff, in connection with the merger or de facto merger; (2) the merger or de facto merger resulted in a consolidation of ILKB Too with ILKB; (3) following the merger or de facto merger, the surviving business is a mere continuation of the ILKB predecessor; or (4) the merger or de facto merger was entered into fraudulently or wrongfully to avoid ILKB's liabilities to the Counter-plaintiff and other similarly situated franchisees that ILKB Too expressly or impliedly assumed.

Third, Counter-plaintiff's common-law fraud and negligent misrepresentation claims are not based on predictions and opinions. Counter-plaintiff alleges statements of fact by ILKB officers as well as other employees which induced Counter-plaintiff to enter into the Franchise Agreement. See Amended Answer and Counterclaims (ECF Doc. 23) ¶¶17-25; 35-19. The misrepresentations were not predictions but were rather factual statements that Counter-defendants knew to be false.

Fourth, Counter-plaintiff's allegations of fraud comply with Rule 9(b). Rule 9(b) requires a party to state with particularity the circumstances constituting fraud or mistake. As discussed above, Counter-plaintiff pleaded with sufficient particularity the identities of ILKB representatives who made misrepresentations, the nature of each specific misrepresentation, and the dates and/or circumstances surrounding the misrepresentations. Further, Counter-plaintiff alleged that Counter-plaintiff reasonably relied on these misrepresentations in entering into the Franchise Agreement. Accordingly, the second Counterclaim for common law fraud complies with Rule 9(b).

Fifth, Counter-plaintiff has adequately stated a claim for breach of contract. Counter-defendants' argument that certain conduct including abandonment is only a breach when committed by the franchisee not a pleading defect. Further, ILKB's assertion that Counter-plaintiff did not comply with the dispute resolution provision is also not a basis to dismiss under 12(b)(6). Moreover, at the parties' initial conference with Magistrate Judge Bulsara, Judge Bulsara noted that the Franchise Agreement contained an arbitration provision and asked the parties to submit letters to the Court with their respective positions on arbitration. On November 6, 2020, ILKB's counsel wrote to the Court indicating that it would not seek to compel arbitration. (ECF Doc. 19). Therefore, this cannot form a basis for dismissal of any of the Counterclaims.

Sixth, Counter-plaintiff maintains that it has properly pled his request for attorneys' fees. However, to the extent that the Court finds that this is not a standalone cause of action, Counter-



EINBINDER & DUNN LLP
February 19, 2021
Page **3** of **3**

plaintiff requests leave to amend the Counterclaims to correct this defect rather than briefing a motion to dismiss on this basis.

  Finally, Counter-defendants assert that they anticipate moving to dismiss each claim for failure to state a claim under Rule 12(b)(6). Without any detail, Counter-defendants contend that Counter-plaintiff has failed to allege sufficient factual matter to support a plausible inference that the Counter-defendants are liable. As discussed above, Counter-plaintiff maintains that he has sufficiently stated a claim to survive a motion to dismiss.

 Counter-plaintiff respectfully submits that Counter-defendants' request should be denied.

            Respectfully yours,

            */s/Michael Einbinder*
            Michael Einbinder

cc: Peter G. Siachos, Esq. (via ECF)

