**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ILKB, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>ARDAMANDEEP SINGH, HARJINDER SINGH, FIT THEOREM INC., FIT THEOREM SUGARLAND, INC., and FIT THEOREM FRIENDSWOOD, INC.,<br><br>Defendants.<br><br>And<br><br>ARDAMANDEEP SINGH,<br><br>Defendant/Counter-Plaintiff,<br><br>vs.<br><br>ILKB, LLC, MICHAEL PARRELLA, and ILKB TOO, LLC,<br><br>Counter-defendants/ Additional Defendants. | Case No.: 1:20-cv-04201-ARR-SJB |

**COUNTER-DEFENDANTS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(2) and (6)**

**GORDON REES SCULLY MANSUKHANI LLP**
*Attorneys for Plaintiff ILKB, LLC*
One Battery Park Plaza, Suite 2801
New York, NY 10004
T: (973) 549-2500
E: psiachos@grsm.com

## INTRODUCTION

All of the claims asserted against Counter-defendants ILKB, LLC ("ILKB"), ILKB Too, LLC ("ILKB Too") and Michael Parrella are defective. Therefore, Counter-defendants move to dismiss them with prejudice.

First, Counterclaimants do not have personal jurisdiction over ILKB Too. The claims against it should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(2).

Second, Counterclaimant's fraud and negligent misrepresentation claims rest on averments of fraud, but none is pleaded sufficiently under *Iqbal*/*Twombly* standard much less the particularity Rule 9(b) requires. Third, Counterclaimant's common-law fraud claims rest on allegations that are not actionable under well-established law. Fourth, Counterclaimant's breach of contract claim and demand for declaratory relief are both deficient because (a) Counterclaimant does not plead a breach of the Franchise Agreement and (b) Counterclaimant acknowledges he was not in compliance with his Franchise Agreement. And, fifth, a request for attorney's fees is a remedy, not a cause of action and therefore deficient on its face. For all of these reasons, the Court should dismiss the claims against ILKB under Rule 12(b)(6).

## LEGAL STANDARD

**I.      Fed. R. Civ. P. 12(b)(2)—Motion to dismiss based on lack of personal jurisdiction.**

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). "Prior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction." *Id*. When a Defendant files "a Rule 12(b)(2) motion, the plaintiff need persuade the court only that its factual allegations constitute a prima facie showing of jurisdiction." *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990). "A prima facie case requires non-conclusory fact-specific allegations

or evidence showing that activity that constitutes the basis of jurisdiction has taken place." *Chirag v. MT Marida Marguerite Schiffahrts*, 604 Fed. Appx. 16, 19 (2d Cir. 2015) (citing *Jazini v. Nissan Motor Co.*, Ltd., 148 F.3d 181, 186 (2d Cir. 1998)). If "the plaintiff ha[s] not made out a prima facie case for jurisdiction," the Court may dismiss the claim without allowing jurisdictional discovery. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007).

"There are two types of personal jurisdiction: specific and general." *Trisvan v. Heyman*, 305 F. Supp. 3d 381, 392 (E.D.N.Y. 2018) (quoting *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014)). "General jurisdiction permits a court to exercise personal jurisdiction over a defendant regardless of whether the underlying claim has a connection to the forum. . . . Specific jurisdiction requires a connection between the forum exercising jurisdiction over the defendant and the underlying controversy that gave rise to the claim. *Trisvan*, 305 F. Supp. 3d at 392-93 (citing *Sonera*, 750 F.3d at 225)). District courts sitting in diversity look to the laws of the forum state to determine whether they have personal jurisdiction over a defendant. *See Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 497 (2d Cir. 2020).

**II.     Fed. R. Civ. P. 12(b)(6)—Motion to dismiss based on failure to state a claim.**

Under Rule 8(a)(2), a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Under Rule 12(b)(6), a defendant may move to dismiss an action if the complaint does not state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"As the Supreme Court has explained, this standard creates a 'two-pronged approach,'

based on 'two working principles[.]'" *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705, 717 (2d Cir. 2013) (internal alteration omitted) (quoting *Iqbal*, 556 U.S. at 678-79). "First, although a complaint need not include detailed factual allegations, it must provide 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678-79). Similarly, a court need not "'"accept as true a legal conclusion couched as a factual allegation."'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "Second, 'when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The complaint must support "'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

## FACTUAL BACKGROUND

Counterclaimant is a former franchisee, who was caught breaching his contract, stealing trade secrets, and engaging in other improper business practices. Counterclaimant seeks to deflect blame for his wrongful conduct with his Counterclaims.

Counterclaimant asserts five claims against Counter-defendants: breach of contract, common law fraud, negligent misrepresentation, attorney's fees, and declaratory judgment based on the breach of contract. Despite lacking a viable theory, they assert that the Counter-defendants are joint and severally liable.

Counterclaimant's theory relies on the false statement that ILKB Too assumed the liabilities of ILKB and is a successor in interest. In fact, ILKB is still a going concern and ILKB Too is not liable for ILKB's past acts. Rather, ILKB is the only named entity that could possibly have any liability in this case. If Counterclaimant's accusations were true, ILKB Too (not ILKB) would be the proper Plaintiff in this case.

4

Generally speaking, Counterclaimant attempts to assert a time-barred New York State Franchise Act claim by other means. Counterclaimant's allegations of misrepresentations generally focus on forward looking estimates and claims of success made during the sales process, which are not actionable under New York common law. *See* ECF No. 23 at ¶¶ 18-26. The remaining allegations assert claims based on conduct that is not actually a breach under the operative Franchise Agreement. *Id*. at ¶¶ 25-28. The plain language of the Franchise Agreement shows that Counterclaimant's alleged breaches based on failure to provide support or make effective marketing efforts for Counterclaimant's business are unsupportable. *See generally* ECF No. 23-1. In other words, Counterclaimant fails to plead viable claims.

## ARGUMENT AND AUTHORITY

### I.   There is no personal jurisdiction over ILKB, Too.

The Court should dismiss Counterclaimant's claims against ILKB Too because it is not subject to personal jurisdiction in the State of New York. Counterclaimant's lone jurisdictional allegations against ILKB Too are that it transacts business in New York and that it was part of a de facto merger with ILKB. ECF No. 23 at ¶¶ 12-13, 15. Counterclaimant's allegations of de facto merger are conclusory and do not assert any facts that are sufficient to create a prima facie basis for personal jurisdiction. Instead, they consist only of a bare recitation of the elements of successor liability and de facto merger, and contain no factual allegations whatsoever to support those conclusions. *See Douglas v. Stamco*, 363 F. App'x 100, 102 (2d Cir. 2010) (discussing elements of successor liability and de facto merger under New York law). Counterclaimant's assertions are insufficient to subject ILKB Too to this Court's jurisdiction. The Court should therefore dismiss the claims ILKB, Too.

Under *Chirag* and *Best Van Lines*, this alone is enough to dismiss the Complaint without leave for jurisdictional discovery. As a matter of law, Counterclaimant must do more than merely

recite the elements of a claim to establish personal jurisdiction.

### A. *The alleged facts do not establish general personal jurisdiction in New York State.*

A court may exercise general jurisdiction over a foreign person "only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render it essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122, 134 S. Ct. 746, 751 (2014) (alteration omitted) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919, 131 S. Ct. 2846, 2851 (2011)).

"[E]xcept in a truly exceptional case, a corporate defendant may be treated as essentially at home only where it is incorporated or maintains its principal place of business." *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 498 (2d Cir. 2020). Here, Counterclaimants allege that ILKB Too is a Florida Limited Liability Company with an office in Florida. Counterclaimants do not allege that ILKB Too is organized in New York or that ILKB Too has its principle place of business in New York. Counterclaimant therefore, has not pleaded a prima facie case of general personal jurisdiction over ILKB Too.

### B. *Counterclaimant has not pleaded facts that would establish specific personal jurisdiction.*

"For specific jurisdiction, there must be an "affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." *In re del Valle Ruiz*, 939 F.3d 520, 529 (2d Cir. 2019) (internal alteration and punctuation omitted) (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773 (2017)). "Put differently, specific jurisdiction permits adjudicatory authority only over issues that arise out of or relate to the entity's contacts with the forum." *In re del Valle Ruiz,* 939 F.3d at 529 (internal alterations and punctuation omitted) (quoting *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 134 (2d Cir. 2014)). Specific jurisdiction is evaluated with a "two-step analysis." *Id*. "The court must first

6

look to the state's long-arm statute. If the court can exercise jurisdiction pursuant to the long-arm statute, the court must subsequently determine whether the exercise of personal jurisdiction over the defendant would comport with the Due Process Clause of the United States Constitution." *Trisvan*, 305 F. Supp. 3d at 391. "Under New York law, courts exercise specific jurisdiction pursuant to New York Civil Practice Law and Rules ('CPLR') section 302 . . . ." *Id*. at 393.

1. ***Counterclaimant has not pleaded a prima facie case for jurisdiction under Section 302(a).***

CPLR Section 302—unlike some other long-arm statutes—"does not provide for *in personam* jurisdiction in every case in which due process would permit it . . . ." *Talbot v. Johnson Newspaper Corp.*, 71 N.Y.2d 827, 829-30, 527 N.Y.S.2d 729, 731, 522 N.E.2d 1027 (1988). Instead, CPLR Section 302 sets out a few specific situations in which New York will assert specific jurisdiction over out-of-state residents. None are present here.

With relation to this specific case, there is no allegation ILKB Too transacted business in New York with Counterclaimant, committed a tort in New York, injured a New Yorker, or owns, uses, or possesses any real property in New York. The fact that ILKB Too transacted business in New York by acquiring the assets of a New York does not alone create jurisdiction in New York.

This Court has identified five factors going to whether a party has "transacted business" in New York for the purposes of the long-arm statute:

> (1) whether the defendant has an on-going contractual relationship with a New York entity;
>
> (2) whether the contract was negotiated or executed in New York, and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship;

        (3) whether the contract is to be performed in New York;

        (4) whether the contract requires notices and payments to be sent to New York; and

        (5) whether the contract contains a New York choice-of-law clause.

*Mortg. Funding Corp. v. Boyer Lake Pointe, L.C.*, 379 F. Supp. 2d 282, 286 (E.D.N.Y. 2005) (line breaks added). Here, Counterclaimant has not alleged facts that would establish any of these factors.

Furthermore, courts have repeatedly held that merely purchasing an interest in a New York business does not create personal jurisdiction in New York. *See Generale Bank, N.Y. Branch v. Choudury*, 776 F. Supp. 123, 123-24 (S.D.N.Y. 1991) (defendant who purchased an interest in a New York limited partnership did not "transact business" in New York for purposes of Section 302); *Barington Capital Grp., L.P. v. Arsenault*, 281 A.D.2d 166, 166, 721 N.Y.S.2d 58, 59 (App. Div. 1st Dept. 2001) (no long-arm jurisdiction over Californian who bought stock in New York company, allegedly without intending to pay). Counterclaimant, therefore, has not pleaded a prima facie case that ILKB Too is subject to the long-arm statute. The inquiry should end there, and the Court should dismiss Counterclaimant's claims against ILKB Too under Rule 12(b)(2).

        2.    ***Even if Section 302 applied to Counter-defendants, constitutional due process would not allow New York courts to exercise specific personal jurisdiction.***

Even if New York's long-arm state covered Counterclaimant's allegations against ILKB Too, there would be no jurisdiction here. It is clear on the face of the Complaint that exercising jurisdiction in this case would violate the Due Process Clause. None of the activities Counterclaimant alleges against ILKB Too connects with New York or Counterclaimant's claims, and exercising jurisdiction would violate traditional notions of fair play and substantial justice.

"The Supreme Court has set out three conditions for the exercise of specific jurisdiction

8

over a nonresident defendant. "First, the defendant must have purposefully availed itself of the privilege of conducting activities within the forum State or have purposefully directed its conduct into the forum State. Second, the Counterclaimant's claim must arise out of or relate to the defendant's forum conduct. Finally, the exercise of jurisdiction must be reasonable under the circumstances." *U.S. Bank Nat'l Ass'n v. Bank of Am. Nat'l Ass'n*, 916 F.3d 143, 150 (2d Cir. 2019) (quoting *Bristol-Myers Squibb Co. v. Super. Ct.*, 137 S. Ct. 1773, 1785-86, 198 L. Ed. 2d 395 (2017) (Sotomayor, J., Dissenting)). None of these conditions is met here.

        a.        <u>Counterclaimant has not alleged that ILKB Too purposefully availed itself of the privilege of transacting business in New York.</u>

For the purposeful availment condition, "'the defendant's suit-related conduct must create a substantial connection with the forum State'— that is, the 'defendant itself' must create those contacts, and those contacts must be with the 'forum State itself,' not simply with persons who reside there." *U.S. Bank*, 916 F.3d at 150 (internal alteration omitted) (quoting *Walden v. Fiore*, 571 U.S. 277, 134 S. Ct. 1115, 1121-22 (2014)). "Thus, although a defendant's contacts with the forum state may be 'intertwined with its transactions or interactions with the plaintiff or other parties, a defendant's relationship with a third party, standing alone, is an insufficient basis for jurisdiction.'" *U.S. Bank*, 916 F.3d at 150 (internal alteration omitted) (quoting *Walden*, 134 S. Ct. at 1123 (2014)).

Here, Counterclaimant alleges that ILKB Too acquired the assets of a New York Company. While this might count as contacts with a person residing in New York, it is not contact with New York itself. At best, Counterclaimant has alleged a "relationship with a third party" that, "standing alone, is an insufficient basis for jurisdiction." *See U.S. Bank*, 916 F.3d at 150 (internal alteration omitted) (quoting *Walden*, 134 S. Ct. at 1123).

      b.      <u>Counterclaimant's claims do not arise from or relate to the alleged conduct.</u>

For the second condition, the plaintiff must allege sufficient facts to establish that their claims "arise out of or relate to the [ILKB Too's] forum conduct." *U.S. Bank*, 916 F.3d at 150 (internal alteration omitted) (quoting *Walden*, 134 S. Ct. at 1123). In a case like this, the Second Circuit requires a causal connection between the defendant's forum-related conduct and the plaintiff's injury. Where the defendant has had only limited contacts with the state it may be appropriate to say that he will be subject to suit in that state only if the plaintiff's injury was proximately caused by those contacts. *SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 344 (2d Cir. 2018).

Here, there is no causal connection between Counterclaimant's alleged injuries and ILKB Too's alleged forum conduct. Counterclaimant's injuries arise out of the other Counter-defendants' alleged conduct, which predates ILKB Too's existence. Due process, therefore, will not allow New York courts to exercise personal jurisdiction over ILKB Too.

      3.      ***Exercising jurisdiction over ILKB Too would not be reasonable under the circumstances.***

"Under the reasonableness inquiry, [courts] evaluate the following factors: (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the 'interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and (5) 'the shared interests of the several States in furthering fundamental substantive social policies.'" *U.S. Bank*, 916 F.3d at 151 n.5 (quoting *Asahi Metal Indus. Co. v. Super. Ct.*, 480 U.S. 102, 113, 107 S. Ct. 1026, 1033 (1987)). The burden on the defendant is the most important factor. *See id*.

Here, it is burdensome to ask a Floridian to litigate in New York, especially given that these three states are among the hardest hit by the COVID-19 pandemic. New York has no interest

10

in resolving a claim by a Texan against a Florida-based company. And, Counterclaimant has an extraordinarily limited interest in obtaining relief against ILKB Too. New York law has no clear relationship to the claims against ILKB Too.

Efficient resolution favors dismissing these facially defective claims at an early stage. There are no apparent social policies implicated by the alleged asset purchase. These factors, therefore, weigh against exercising jurisdiction.

## II.     Counterclaimant fails to state a claim on which relief can be granted.

Beyond the jurisdictional defects, none of Counterclaimant's five claims are viable. As a matter of law, the conduct alleged by Counterclaimant is not actionable fraud. The alleged breaches of the franchise agreement, based on the plain language of the franchise agreement, are not breaches based on the actual terms of the contract. The claim for attorney's fees is a remedy, not a claim for relief. And, Counterclaimant's request for declaratory relief is merely a disguised affirmative defense, which fails on its face because Counterclaimant acknowledges failing to comply with the mandatory dispute resolution process. Because none of these claims are viable, they should be dismissed with prejudice.

### A.     *Counterclaimant's fraud claims are poorly pled.*

Under New York law, the elements of fraud are:

> (1) a misrepresentation or a material omission of material fact which was false and known by defendant to be false,
>
> (2) made for the purpose of *inducing* the plaintiff to rely on it, and
>
> (3) justifiably relied upon by the plaintiff,
>
> (4) who then suffered an injury as a result of such reliance.

*City of N.Y. v. Smokes-Spirits.com, Inc.*, 541 F.3d 425, 454 (2d Cir. 2008) (line breaks and

11

emphasis added), *rev. on other grounds by Hemi Grp., LLC v. City of N.Y.*, 559 U.S. 1, 1, 130 S. Ct. 983, 984 (2010).

Here, Counterclaimant fails to plead the first element. He does not allege the Counter-defendants knew that the alleged misrepresentations were false at the time they were made. ECF No. 23 at ¶ 18. Likewise, Counterclaimant does not plead explain why his reliance was justifiable, nor does he make any attempt to explain a theory of causation. *Id.* at ¶¶ 18-19, 35-39. This is fatal to his counterclaims, which should be dismissed.

  **B.** ***Third-party negligent misrepresentation are poorly pled.***

Under New York law, the elements of negligent misrepresentation are:

> (1) the defendant had a duty, *as a result of a special relationship*, to give correct information;
>
> (2) the defendant made a false representation that he or she should have known was incorrect;
>
> (3) the information supplied in the representation was known by the defendant to be desired *by the plaintiff* for a serious purpose;
>
> (4) the plaintiff intended to rely and act upon it; and
>
> (5) the plaintiff reasonably relied on it to his or her detriment.

*Hydro Inv'rs, Inc. v. Trafalgar Power, Inc.*, 227 F.3d 8, 20 (2d Cir. 2000) (line breaks added). "'New York strictly limits negligent misrepresentation claims to situations involving "actual privity of contract between the parties or a relationship so close as to approach that of privity."'" *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 114 (2d Cir. 2012). Based on the lack of privity, Counterclaimant has no viable claim against Mr. Parrella or ILKB Too.

Counterclaimant neither pleads the existence of a special relationship, nor Counter-defendants' knowledge of the falsity. Importantly, Counterclaimant's allegations all suggest that ILKB's and Parrella's alleged misrepresentations were intentional, rather than negligent.

Counterclaimant did not plead a credible basis for a negligent misrepresentation claim. These failures a dispositive of the relief sought by Counterclaimant.

### C. *Counterclaimant's alleged misrepresentations and omissions are not actionable.*

Counterclaimant has failed to state a fraud or negligent misrepresentation claim because the alleged misrepresentations and omissions he identifies are not actionable under New York law. The Court should therefore dismiss these claims.

#### 1. *Counterclaimant cannot ground his claims on promises or predictions about the future.*

Counterclaimant complains about a number of forward-looking representations about anticipated profits, costs, time needed to operate a successful business, merchandise revenue, memberships, trials, and fees. *See* ECF No. 23 at ¶ 18. None is actionable.

It is well established that "a prediction of something which is expected to occur in the future will not sustain an action for fraud[.]" *Dragon Inv. Co. II LLC v. Shanahan*, 49 A.D.3d 403, 403, 854 N.Y.S.2d 115, 117 (App. Div. 1st Dept. 2008) (quoting *Zanani v Savad*, 217 A.D.2d 696, 697, 630 N.Y.S.2d 89 (App. Div. 2d Dept.1995)); *accord Moon v. Clear Channel Commc'ns, Inc.*, 307 A.D.2d 628, 631, 763 N.Y.S.2d 157 (2003) ("Inasmuch as plaintiffs fail to show that defendants misrepresented any facts presently existing at the time the parties entered into their agreement, plaintiffs' fraud claims should also have been dismissed."). All of the alleged misrepresentations fall into this category. This is fatal to all of Counterclaimant's pre-sale allegations.

Representations about Counterclaimant's expected profits, work hours, merchandise sales,

renewals, memberships and trial memberships were "just the sort of representations about future events that cannot support a claim for negligent misrepresentation." *See Hydro Inv'rs, Inc. v. Trafalgar Power, Inc.*, 227 F.3d 8, 21 (2d Cir. 2000) (forecasts of energy output not actionable in fraud). And while "a relatively concrete representation as to . . . future performance, if made at a time when the speaker knows that the represented performance cannot be achieved, may ground a claim of fraud," *N.Y. Islanders Hockey Club v. Comerica Bank-Texas*, 71 F. Supp. 2d 108, 118 (E.D.N.Y. 1999), there is no allegation in the Complaint that ILKB knew Counterclaimant could not achieve these results when the statements were made. *See* ECF 23 at ¶ 20. For this reason, Counterclaimant's fraud and negligent misrepresentation claims should be dismissed.

2. *Counterclaimant cannot ground his claims on expressions of opinion.*

Even if fraud were not subject to a heightened pleading standard, Counterclaimant's claims would nevertheless fail to state a claim for relief. What Counterclaimant has alleged, even if taken as true, is not actionable under New York law. Under New York law, "statements which are mere 'puffery' or opinions as to future events are not sufficient to state a fraud claim." *N.Y. Islanders*, 71 F. Supp. 2d at 118.

The alleged representations about the suitability of the franchise system for absentee ownership, projections as to profits, or Counterclaimant's ability to operate the business clearly qualify as opinion. ECF No. 23 at ¶ 18. There is no allegation of fact from which the Court could infer that Counter-defendants did not believe this, and the simple fact that Counterclaimant was unable to do what Parrella said he had done does not establish a fraud or a negligent misrepresentation.

D. *Counterclaimant has not pleaded fraud with particularity.*

Under Rule 9(b), Counterclaimant must plead averments of fraud with particularity. In the Second Circuit, this means "the complaint must: (1) specify the statements that the plaintiff

14

contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993). "When multiple defendants are alleged to have engaged in the fraud, and made material misrepresentations, the complaint must clearly state which defendants made which statements." *Hatteras Enters. v. Forsythe Cosmetic Grp., Ltd.*, No. 2:15-cv-05887 (ADS)(ARL), 2018 U.S. Dist. LEXIS 68792, at *31 (E.D.N.Y. Apr. 23, 2018) (citing *Mills*, 12 F.3d at 1175). In plain terms, a complaint pleading fraud must state the "who, what, when, where, why, and how" of each fraud claim for each alleged wrong-doer. A failure to plead this information results in a deficient pleading. The pleading must also contain the "specific content" of the alleged misstatements. *See Tooker v. Guerrera*, No. 15-CV-2430(JS)(ARL), 2017 U.S. Dist. LEXIS 128083, at *30 (E.D.N.Y. Aug. 11, 2017); *Leung v. Law*, 387 F. Supp. 2d 105, 114 (E.D.N.Y. 2005) (citing S*chreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "Although scienter need not be alleged with great specificity, plaintiffs are still required to plead the factual basis which gives rise to a 'strong inference' of fraudulent intent." *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990); *see also United States ex rel. Chorches for Bankr. Estate of Fabula v. Am. Med. Response, Inc.*, 865 F.3d 71, 82 (2d Cir. 2017) (citing *Wexner*).

Rule 9(b) is not limited to fraud claims. Even where fraud is not a necessary element of a claim, the claim is "nonetheless subject to the heightened pleading requirements of Rule 9(b) if [it is] premised on allegations of fraud." *Paulino v. Conopco, Inc.*, No. 14-CV-5145 (JG)(RML), 2015 U.S. Dist. LEXIS 108165, at *15 (E.D.N.Y. Aug. 17, 2015) (citing *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) ("[C]laims that do rely upon averments of fraud are subject to the test of Rule 9(b)."). Here, two of the claims Counterclaimant asserts against Counter-defendants are

subject to Rule 9(b) because they rest on an averment of fraud. Each of these claims, therefore, must plead its averments of fraud with particularity. Counterclaimant's claims do not meet that standard.

Counterclaimants identifies ILKB's alleged fraudulent statements and omissions in Paragraphs 18 through 25 of the Counterclaim. Rather than pleading the who, what, why, when, where, and how of the alleged fraud, Counterclaimants make overly broad statements that generally allege that something that turned out to be untrue was said. *Id.* These statements make it difficult to understand who actually did what, when, and how. This is insufficient under Rule 9(b) and therefore these claims should be dismissed.

### E. *Counterclaimant fails to plead a breach of the Franchise Agreement.*

Under New York law, to plead a breach of contract claim, a plaintiff must plead "the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach." *Dee v. Rakower*, 112 A.D.3d 204, 208–09, 976 N.Y.S.2d 470, 474 (2013). Counterclaimant fails to do so.

First, as discussed above, Counterclaimant only had a contract with ILKB and none of the other parties. There is no viable breach of contract action against ILKB Too or Parrella because there is no contract between them.

Second, Counterclaimant fails to plead that he performed under the agreement. In fact, the basis of ILKB's claims is that he did not. And, Counterclaimant admits that he and his codefendants are currently operating a competing business in violation of the contract. Additionally, Counterclaimant's own allegations demonstrate that he did not comply with the dispute resolution process in the Franchise Agreement, which requires an in person meeting and a mediation prior to leaving. *See* ECF No. 23 at ¶ 28; ECF No. 23-1 at 31. These admissions preclude

Counterclaimant's breach of contract claim because he was not in compliance with his contractual obligations.

Third, and most importantly, based on the plain language of the Franchise agreement, ILKB was not in breach. Counterclaimant did not plead any specific clause of the agreement that was allegedly violated. Instead, Counterclaimant asserted breaches that are *not violations* of the Franchise Agreement. Specifically, Counterclaimant asserts that ILKB's marketing spend was ineffective for his studio and he was required to hire a third party marketing company. ECF No. 23 at ¶ 25. However, nowhere in the franchise agreement is it required that marketing efforts be successful. *See generally* ECF No. 23-1. Moreover, the agreement specifically contemplates that the franchisee will be responsible for some marketing. *Id.* at 8, 10. Similarly, Counterclaimants assert that they did not receive sufficient support in recent years and that they were effectively abandoned. ECF No. 23 at ¶¶ 26-27. Setting aside that this claim is false, this unspecified "support" is not required under the agreement. The only thing that Counterclaimant was entitled to was the grant of a Franchise and other specifically enumerated things described in the agreement. ECF 23-1 at 8-9. Moreover, abandonment is only a breach by a franchisee, *not the franchisor*. *Id.* at 6, 29. Counterclaimant cannot assert a breach for abandonment against ILKB.

Based on the plain language of the Complaint and the Franchise Agreement, no breach was alleged. Without a breach, there is no viable claim for relief.

### F. *A request for attorney's fees is not a cause of action.*

A demand for attorney's fees is a remedy, not a cause of action. Counterclaimant's Fourth Counterclaim is inviable on its face. *Cf. Hatteras Enterprises Inc. v. Forsythe Cosmetic Grp., Ltd.*, No. 215CV05887ADSARL, 2018 WL 1935984, at *11 (E.D.N.Y. Apr. 23, 2018) (dismissing rescission claim because "rescission is a remedy, not a cause of action"). This non-cause of action

should be dismissed.

### G. *Counterclaimant's declaratory action fails because Counterclaimant admits that he violated the Franchise Agreement.*

As noted above, in addition to other violations, Counterclaimant admits that he did not comply with the dispute resolution process before terminating his agreement. *See supra* § II.E. Counterclaimant's failure to comply is dispositive of the relief sought. Therefore, this claim should be dismissed with prejudice.

## CONCLUSION

Counterclaimant has failed to state a claim against the Counter-defendants. The Court should therefore dismiss the claims against them with prejudice.

Dated: March 8, 2021

Respectfully Submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ Peter G. Siachos

Peter G. Siachos, NY Bar No. 4436168
psiachos@grsm.com
***Attorneys for Defendant ILKB, LLC***
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
(973) 549-2532

## CERTIFICATE OF SERVICE

I, W. Greg Lockwood, certify under penalty of perjury that I served the attached COUNTER-DEFENDANTS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(2) and (6) on counsel for Counterclaimant Michael Einbinder and Jacqueline Valenza via email on March 8, 2021.

Dated: March 8, 2021

                                        GORDON REES SCULLY MANSUKHANI, LLP

                                        By: /s/ W. Greg Lockwood

                                              W. Greg Lockwood