UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ILKB, LLC<br><br>               Plaintiff,<br><br>          - vs -<br><br>ARDAMANDEEP SINGH, HARJINDER SINGH, FIT THEOREM INC, FIT THEOREM SUGARLAND INC, AND FIT THEOREM FRIENDSWOOD INC.<br><br>              Defendants.<br><br>AND<br><br>ARDAMANDEEP SINGH,<br><br>              Defendant/Counter-Plaintiff,<br><br>          - vs –<br><br>ILKB, LLC and MICHAEL PARRELLA,<br><br>              Counter-defendants/<br>              Additional Defendants. | Civil Action No. 1:20-cv-04201-ARR-SJB |

**COUNTER-DEFENDANTS/ADDITIONAL DEFENDANTS ANSWER/REPLY TO COUNTER-PLAINTIFF'S THIRD AMENDED COUNTERCLAIMS**

Counter-Defendants/Additional Defendants ILKB, LLC and Michael Parrella ("Counter-Defendants"), by and through their attorneys, hereby answer Counter-Plaintiff Ardamandeep Singh's ("Singh") Counterclaims as follows:

**General Denial**

Except as explicitly admitted, Counter-Defendants deny each and every allegation in Singh's Counterclaims. Counter-Defendants specifically deny all allegations related to Defendants' affirmative defenses and aver that none of them are viable.

### Nature of Action

1. Counter-Defendants Deny paragraph 1.[1]

2. As to Paragraph 2, Counter-Defendants deny that Singh relied on any misrepresentations or omissions, but admit the remainder of the paragraph.

3. Counter-Defendants deny paragraphs 3-7.

### Parties

4. Counter-Defendants admit paragraph 8.

5. Except the phrase "or was a franchisor," which Counter-Defendants deny, Counter-Defendants admit paragraph 9.

6. Except the assertion that Parrella is currently, the chief executive office, which Counter-Defendants deny, Counter-Defendants admit paragraph 10.

### Jurisdiction and Venue

7. Counter-Defendants admit paragraphs 11-12.

### Facts

8. Counter-Defendants deny paragraph 13 for lack of personal knowledge.

9. As to paragraph 14, Counter-Defendants admit that Singh spoke with ILKB personnel, including Parrella, prior to entering into the franchise agreement, but deny the remainder of the paragraph for lack of personal knowledge.

10. Counter-Defendants deny the allegations regarding dates and times in paragraph 15 for lack of personal knowledge. Counter-Defendants further deny that any of the alleged representations were false at the time they were made.

11. Counter-Defendants deny paragraphs 16-19.

12. Counter-Defendants deny paragraphs 20-21 for lack of personal knowledge.

---

[1] For the avoidance of doubt, all paragraph numbers refer to those in the Counterclaims section Defendant's Answer and Counterclaims.

13. Counter-Defendants deny paragraphs 22-23.

14. Counter-Defendants deny paragraph 24 for lack of personal knowledge.

15. As to paragraph 25, Counter-Defendants admit that Parrella resigned as CEO, but deny the remainder of the paragraph.

16. Counter-Defendants deny paragraphs 26-28.

## COUNT I

### Breach of Contract

17. As to paragraph 29, Counter-Defendants incorporate their responses to the preceding paragraphs as though fully set forth herein.

18. Counter-Defendants admit paragraph 30.

19. Counter-Defendants deny paragraph 31-33.

## COUNT II

### Common Law Fraud

20. As to paragraph 34, Counter-Defendants incorporate their responses to the preceding paragraphs as though fully set forth herein.

21. Counter-Defendants deny paragraphs 35-38.

## COUNT III

### Declaratory Judgment

22. As to paragraph 39, Counter-Defendants incorporate their responses to the preceding paragraphs as though fully set forth herein.

23. Defendants deny paragraphs 40-42.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense—Standing

24. Singh lack standing to bring the claims related to business losses. Those losses track to his entities, not him personally. Accordingly, he has not suffered articulable harm.

### Second Affirmative Defense—Non-Actionable Claims

25. The alleged misrepresentations are not actionable because they are matter of public record, matters of opinion, and/or forward looking, non-factual statements regarding possible outcomes. Under New York law, none of these are actionable.

### Third Affirmative Defense—Time-Barred by Statute of Limitations and Laches

26. The alleged misrepresentations all took place and were received by Singh prior to July 2016. Thus, all of these claims are stale and time-barred by the doctrine of laches.

27. Singh's other claims are also barred by the applicable statutes of limitations, including the statute of limitations for the state of Texas.

### Fourth Affirmative Defense—Offset

28. Singh owes money to ILKB based on his obligations under the Franchise Agreement and the claims asserted in the Complaint. Any award should be offset by the amounts owed by Plaintiffs.

### Fifth Affirmative Defense—Unclean Hands

29. Singh made misrepresentations of material fact to obtain their franchise and behaved in a fashion that precludes them from obtaining the relief sought in this matter.

### Sixth Affirmative Defense—Failure to State a Claim

30. Singh failed to state a claim on which relief can be granted.

### Seventh Affirmative Defense— Contributory Fault/Comparative Fault/Fault of Others

31. People other than Counter-Defendants, including but not limited to Singh and his codefendants, are responsible for the alleged harm suffered by Singh in this case.

32. Based on their fault, Singh should recover nothing, or in the alternative, have their damages reduced by the amount of fault caused by themselves and persons other than Counter-Defendants.

### Eighth Affirmative Defense—Failure to Mitigate

33. Singh failed to mitigate his damages by, among other things, failing to shift their cost structure, abusing the corporate form to pay for personal expenses, failing to take the offered buy out of their business, and failing to operate the business in a commercially reasonable manner.

34. Accordingly, Singh's damages should be reduced by the amount with which Singh failed to reduce his harm.

### Ninth Affirmative Defense—Prior Breach

35. Singh breached the contract prior to Counter-Defendants' alleged breach. Singh's actions excuse any alleged breach of contract on Defendant's' part.

WHEREFORE, having fully answered Singh's Counterclaims and set forth their Affirmative Defenses, Counter-Defendants pray for judgment as follows:

(1) That Singh take nothing by reason of their Complaint;

(2) That judgment be entered against Singh and in favor of Counter-Defendants;

(3) That Counter-Defendants be dismissed and awarded the costs of suit incurred herein; and

(4) For such other and further relief as the Court may deem just and proper.

Dated: September 2, 2021

                      **GORDON REES SCULLY MANSUKHANI, LLP**
                      *Attorneys for Counter-Defendants*

                      By: *s/ Peter G. Siachos*
                          Peter G. Siachos, Esq.
                          1 Battery Park Plaza, 28th Floor
                          New York, NY 10004
                          Telephone: (973) 549-2532
                          Fax: (973) 377-1911
                          Email: psiachos@grsm.com